NOTICE

Decision filed 01/30/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0626

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| CURT MUIR and VALORIE MUIR, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiffs-Appellees, | ) Christian County. |
| | ) |
| v. | ) No. 06-SC-353 |
| | ) |
| SCOTT MERANO, | ) Honorable |
| | ) David W. Slater, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

This is an action brought under the Residential Real Property Disclosure Act (the Act) (765 ILCS 77/1 *et seq.* (West 2006)) to recover a $10,000 earnest money deposit paid by the plaintiffs, Curt Muir and Valorie Muir, to the defendant, Scott Merano, on a contract to purchase a house. "The purpose of the *** Act is to provide prospective [home] buyers with information about material defects [in the home] known to the seller ***." *Coughlin v. Gustafson*, 332 Ill. App. 3d 406, 413 (2002). "A prospective buyer may choose to rely on this information in deciding whether and on what terms to purchase the property." *Provenzale v. Forister*, 318 Ill. App. 3d 869, 876 (2001).

Section 20 of the Act requires the seller of residential real property to complete a "disclosure document" and deliver it to the prospective buyer "before the signing of a written agreement by the seller and prospective buyer." 765 ILCS 77/20 (West 2006). The disclosure document is described in section 35 of the Act. 765 ILCS 77/35 (West 2006). Section 40 of the Act provides that in the event this disclosure document is not delivered to the prospective buyer until after the signing of a written agreement, then upon the receipt of

1

a disclosure document revealing a material defect in the home, the prospective buyer has three business days within which to terminate the contract and receive a full refund of any earnest money deposit or down payment. 765 ILCS 77/40 (West 2006). Finally, section 55 of the Act provides that if the seller fails or refuses to provide the disclosure document prior to the conveyance of the property, the buyer shall have the right to terminate the contract. 765 ILCS 77/55 (West 2006).

The parties had entered into a contract for the sale and purchase of a house, but the defendant had failed to deliver to the plaintiffs the disclosure document required by section 20 of the Act. The plaintiffs made repeated requests for the disclosure document, but the defendant refused to deliver it. Accordingly, the plaintiffs notified the defendant of their intent to exercise their right under section 55 of the Act to terminate the contract and receive a full refund of their $10,000 earnest money deposit. The defendant offered to refund one-half of the earnest money deposit, but he refused to refund the full amount. Accordingly, the plaintiffs brought this small claims action in the circuit court of Christian County.

The following evidence was adduced at the trial of this cause. On September 1, 2005, the parties entered into a written agreement for the purchase of the subject residential real property. The defendant did not deliver the disclosure document to the plaintiffs prior to their signing the contract. The plaintiffs gave the defendant an earnest money deposit of $10,000. Upon closing, the plaintiffs were to pay to the defendant the remainder of the purchase price. The contract provided that in the event the plaintiffs failed to close on the sale, the defendant would refund one-half of the earnest money deposit, or $5,000. One part of the agreement was that the plaintiffs would occupy the house for a payment of $500 per month until their home in California sold. The plaintiffs took possession of the house on September 23, 2005. The defendant had still not delivered the disclosure document as required by section 20 of the Act.

After moving into the house, the plaintiffs discovered what they considered to be several material defects in the house. On February 1, 2006, the plaintiffs sent the defendant a letter asking for the disclosure document. This request for the disclosure document and five subsequent ones were refused by the defendant. The plaintiffs moved out of the house and on April 13 delivered to the defendant a letter notifying him of their intent to terminate the contract as provided for in section 55 of the Act and asking for their earnest money deposit back. The defendant offered to return one-half of the deposit but has at all times refused to return the entire earnest money deposit and has never delivered the disclosure document required by the Act. No closing date had ever been scheduled for the sale.

At the trial, the defendant maintained that he was not a "seller" within the meaning of the Act and that the Act therefore did not apply to him. Evidence was taken on this point at the trial, and the circuit court found that the defendant was in fact a seller within the meaning of the Act. The defendant does not challenge the circuit court's finding of fact on appeal.

The defendant also argued at the trial that the plaintiffs could not exercise their right to terminate the contract for a failure to deliver the disclosure document until very near to or at the time of the closing and that no closing had been scheduled or was proximate. In its judgment in favor of the plaintiffs, entered November 1, 2006, the circuit court rejected this argument. The circuit court found that the defendant was a seller within the meaning of the Act, that the transaction was covered by the Act, and that the defendant was required by the Act to provide the disclosure document but had failed to do so. The plaintiffs were therefore entitled to terminate the contract and receive a full refund of their earnest money deposit. Accordingly, the circuit court entered a judgment in favor of the plaintiffs and against the defendant in the amount of $10,000 plus costs. The defendant appeals.

On appeal, the defendant challenges the circuit court's interpretation of the Act. The

3

defendant argues that the plaintiffs' right to use the contract-termination remedy contained in section 55 of the Act had not yet ripened and was not available until a time "in close proximity or just prior to the time of closing." Because the question on appeal is one of statutory construction and purely a question of law, our review is *de novo*. *People v. Jones*, 223 Ill. 2d 569, 580 (2006).

We note that this is an issue of first impression, neither the parties nor our own research having revealed any case law addressing the issue at bar. Accordingly, we begin with some basic axioms of statutory construction. The principles guiding our analysis are well established. "Our primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." *People v. Perry*, 224 Ill. 2d 312, 323 (2007). "In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it." *Perry*, 224 Ill. 2d at 323. "We must not depart from the plain language of the Act by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007).

The defendant argues that a reading of the Act as a whole reveals a statutory scheme of escalating remedies which build on one another. The time frame encompassed by section 20 is prior to the contract formation, and no remedy is provided for the seller's failure to provide the required disclosure document. Section 40 provides that after the contract formation, upon the receipt of a disclosure document revealing a material defect, a prospective buyer has three days in which to terminate the contract and receive a full refund of any earnest money deposit. Thus, section 40 gives a prospective buyer an "out" from the contract where the seller has failed to reveal a material defect prior to the contract formation. Section 55 provides a final method of avoiding a contract when the seller absolutely will not

4

make the required disclosures. The defendant argues that the "severe remedy" contained in section 55 of the Act was intended to be available to a buyer only "in close proximity or just prior to the point at which the seller conveys the property at closing." He argues, "The logical interpretation of the Act is that it only allows the contract termination remedy if the disclosure report has not been provided at the time of conveyance of the deed."

We find no support for the defendant's interpretation in the plain language of the statute. The provisions of the Act are mandatory. See *Curtis Investment Firm, Ltd. Partnership v. Schuch*, 321 Ill. App. 3d 197, 200 (2001). Under the Act, the seller is *required* to deliver the disclosure document prior to the signing of the contract. The purpose of this provision is to provide the prospective buyer with knowledge of any material defects in the home equal to that of the seller. If the buyer signs the contract without having received the required disclosure document and it is not delivered thereafter, he may, at any time prior to the closing, terminate the contract and receive a full refund of any earnest money deposit. The seller need only comply with the Act and provide the disclosure document in order to avoid what the defendant characterizes as this "severe remedy."

We find no indication in the Act that the legislature intended to allow the seller to refuse to deliver the disclosure document until just before the closing, thereby holding the prospective buyer hostage until that time. The seller is *required* to deliver the disclosure document prior to the signing of the contract. The buyer should not be held hostage by the seller's refusal to comply with the Act. If the seller will not deliver the disclosure document prior to signing of the contract, the buyer is free at any time prior to the conveyance of the deed to terminate the contract and receive a full refund of any earnest money deposit paid. Accordingly, we affirm the judgment of the circuit court of Christian County.

For the foregoing reasons, the judgment of the circuit court of Christian County is hereby affirmed.

Affirmed.


GOLDENHERSH and CHAPMAN, JJ., concur.

NO. 5-06-0626

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| CURT MUIR and VALORIE MUIR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Christian County. |
| | ) | |
| v. | ) | No. 06-SC-353 |
| | ) | |
| SCOTT MERANO, | ) | Honorable |
| | ) | David W. Slater, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed**:          January 30, 2008

---

**Justices**:          Honorable THOMAS M. WELCH, J.

Honorable RICHARD P. GOLDENHERSH, J.
Honorable MELISSA A. CHAPMAN, J.
Concur

---

**Attorney for Appellant**          Kent Gray, 2028 Bates Avenue, P.O. Box 13084, Springfield, IL 62791

---

**Attorney for Appellees**          Curt Muir, Valorie Muir, P.O. Box 1081, Kincaid, IL 62540 (*Pro se*)

---