# Illinois Official Reports

## Appellate Court

---

### *Bouton v. Bailie*, **2014 IL App (3d) 130406**

---

| | |
|---|---|
| Appellate Court Caption | BRIAN BOUTON, Plaintiff-Appellant, v. ERIN BAILIE and ROBERT BAILIE, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-13-0406 |
| Filed | October 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings on a complaint filed by the purchaser of a residential property alleging that defendants violated the Residential Real Property Disclosure Act by failing to disclose certain water leakage problems, the trial court's dismissal of the complaint on the ground that the transaction was exempt from the Act because defendants conveyed title to a relocation company which then conveyed title to plaintiff along with a disclosure form in which defendants falsely represented that they were unaware of any water problems was reversed, since section 15(7) of the Act does exempt such relocation companies from liability in such transactions if they comply with the requirement of providing a disclosure form furnished by the seller of the residence and the statute as a whole intends to preclude imposing liability on a relocation company for failing to disclose defects beyond its knowledge, but section 55 of the Act also imposes liability not only on "a seller" but on "a person" who fails to comply with its requirements; therefore, the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-SC-3032; the Hon. Mark Thomas Carney, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

David P. Smith (argued), of Brumund, Jacobs, Hammel, Davidson & Andreano, LLC, of Joliet, for appellant.

John A. Urban (argued), of Law Office of John A. Urban, of Wilmington, for appellees.

Panel

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1    Brian Bouton appeals from the trial court's dismissal of his complaint seeking to hold Erin and Robert Bailie liable for an alleged violation of the Residential Real Property Disclosure Act (the Act) (765 ILCS 77/1 *et seq.* (West 2010)). The Bailies argued that the Act was inapplicable to them because the type of transaction resulting in the sale of the property is exempted by the Act. We reverse the order of the trial court and remand the matter for further proceedings consistent with this decision.

¶ 2                                          FACTS

¶ 3    The plaintiff Brian Bouton purchased the residential real property located at 25517 Prairiewood Lane, Shorewood, Illinois (the property), from Prudential Relocation, Inc. (Prudential), which had acquired title, by agreement, from defendants Robert and Erin Bailie (the Bailies). As the titleholder and pursuant to the terms of the statute, Prudential had the Bailies execute a disclosure form, which Prudential provided to Bouton prior to his purchase of the property. After completion of the purchase, however, Bouton filed a small claims complaint against the Bailies under the Act, alleging misrepresentations on the form. In his complaint, Bouton alleged that the Bailies falsely represented that they were not aware of any flooding or recurring leakage problems in the crawl space or basement and that they knew of no defects associated with such water problems. Bouton claimed to have suffered damages as a result of the undisclosed defects.

¶ 4    A default judgment was obtained against the Bailies, and Bouton initiated wage garnishment proceedings. The Bailies had the default judgment vacated and filed a motion to dismiss Bouton's complaint because the Act was applicable to a transfer by Prudential and there was no privity of contract between them and Prudential. The motion was granted and Bouton's claim under the Act was dismissed. A timely notice of appeal was filed.

¶ 5                                       ANALYSIS

¶ 6    Bouton argues that the trial court erred in granting the Bailies' motion to dismiss because its reading of the Act as not including his type of transfer and thus foreclosing his action against the real sellers pursuant to the Act renders his right to relief effectively void. He also

asserts that the intent of the legislature is thwarted if the Act is not read broadly to include liability of the seller who executes the required form that the hired entity provides to the prospective buyer.

¶ 7        When we review the trial court's ruling on a motion to dismiss, the standard of review is *de novo. Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009); *Lydon v. Eagle Food Centers, Inc.*, 297 Ill. App. 3d 90, 92 (1998). Further, issues of statutory construction are questions of law, which are reviewed *de novo. Kalkman v. Nedved*, 2013 IL App (3d) 120800, ¶ 11.

¶ 8        The court interprets statutes as drafted by the legislature. If the language of the statute is clear and unambiguous, it will be given its plain and ordinary meaning without resorting to further aids of statutory construction. *People v. Santiago*, 236 Ill. 2d 417, 428 (2010); *Kalkman v. Nedved*, 2013 IL App (3d) 120800, ¶ 12. A court may not depart from the plain statutory language by reading into it exceptions, limitations, or conditions not expressed by the legislature. *Id.* Yet, "[o]ne of the fundamental principles of statutory construction is viewing all the provisions of an enactment as a whole." *Santiago*, 236 Ill. 2d at 428. Words and phrases in a statute should be "interpreted in light of other relevant provisions of the statute." *Id.*

¶ 9        The purpose of the Act is to use the disclosure form to provide prospective home buyers with information about material defects in the home that are known to the seller. *Muir v. Merano*, 378 Ill. App. 3d 1103, 1103 (2008); 765 ILCS 77/25(b), (c) (West 2010). The Act also includes relief for purchasers who are injured by misinformation the seller provides on the disclosure form. 765 ILCS 77/55 (West 2010).

¶ 10       Section 55 of the Act states in pertinent part:

> "A person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party." 765 ILCS 77/55 (West 2010).

¶ 11       Bouton looks to this section for relief regarding the Bailies' alleged misrepresentations on the form. While the allegations in his complaint would certainly invoke the relief found in section 55, section 15 appears to take it away. Specifically, section 15 states:

> "The provisions of this Act do not apply to the following:
>
> * * *
>
> (7) *Transfers from an entity* that has taken title to residential real property from a seller for the purpose of assisting in the relocation of the seller, *so long as the entity makes available to all prospective buyers a copy of the disclosure form furnished to the entity by the seller.*" (Emphases added.) 765 ILCS 77/15(7) (West 2010).

¶ 12       In setting out the exclusion, section 15(7) appears to do three things: (1) it draws a clear distinction between the "seller" and the entity holding title, (2) it persists in referring to the person who conveyed title to the entity as the "seller," and (3) it conditions the entity's own insulation from the disclosure requirements on the entity making the disclosure form furnished by "the seller" available to the buyer.

¶ 13       This apparent intent to protect the entity from the obligation to disclose information that it cannot possess is reinforced by the definition of "seller" set out in section 5. It provides in pertinent part:

- 3 -

" 'Seller' means every person or entity *** who has an interest (legal or equitable) in residential real property. However, 'seller' shall not include any person who has both (i) never occupied the residential real property and (ii) never had the management responsibility for the residential real property nor delegated such responsibility for the residential real property to another person or entity." 765 ILCS 77/5 (West 2010).

¶ 14　　Read together, these sections establish that the intent of section 15(7) is to preclude liability for an entity that never resided in or had management responsibilities for the home and that has taken title solely to assist with the seller's relocation by immunizing *its* transfer of title.

¶ 15　　There is no evidence in the statute of any intent to exempt those persons who have resided in the home and who are in a position to provide prospective buyers with the actual notice of known defects that the statute requires. As noted above, the condition of the entity's immunity from the requirements of the Act is its securing and passing on a disclosure form from the sellers. 765 ILCS 77/15(7) (West 2010). We also find it significant that, as pointed out by Bouton, section 55 imposes liability on "a person" who fails to comply with the Act's requirements, not merely on "a seller."

¶ 16　　Finally, we note that the statute expressly preserves other remedies for a buyer who has been injured by a failure of notice of defects, but who may not have a remedy under its provisions. Indeed, this appeal is being heard pursuant to an Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) finding because the parties have agreed that, in the event this court affirms the trial court's order, Bouton can amend his complaint to seek such remedies. We do not find that the existence of such alternate remedies in the statute undermines our analysis of the statutory language or our determination that the statute provides protection for Prudential while allowing Bouton to seek a remedy from the Bailies if he can prove his injuries. Such remedies may be appropriate in other cases. See, *e.g.*, *King v. Ashbrook*, 313 Ill. App. 3d 1040, 1044 (2000).

¶ 17　　　　　　　　　　　　　　　　CONCLUSION

¶ 18　　For the foregoing reasons, the order of the trial court is reversed and this matter is remanded for further proceedings consistent with this decision.

¶ 19　　Reversed and remanded.