ELIZABETH M. SAFANDA, Plaintiff-Appellant, v. ZONING BOARD OF APPEALS OF THE CITY OF GENEVA et al., Defendants-Appellees.

Second District   Nos. 2—89—1256, 2—90—0200 cons.

Opinion filed October 2, 1990.

Safanda & Brannen, of St. Charles (Carl F. Safanda, of counsel), for appellant.

Radovich & Radovich and Stephen M. Cooper, of Law Offices of Cooper, Storm & Petesch, both of Geneva, and Lloyd E. Dyer, Jr., of Wheaton (Charles A. Radovich, of counsel), for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff appeals from the trial court's dismissal of two counts of her complaint in administrative review and the dismissal of certain parties defendant. We affirm in part, reverse in part, and remand.

Plaintiff, Elizabeth Safanda (plaintiff), sought a rear-yard variance on property owned in defendant City of Geneva (City) to enable her to build a single-family residence. Following a hearing before defendant zoning board of appeals of the City of Geneva (Board) on June 8, 1988, the application was denied.

Plaintiff filed her complaint for administrative review on August 4. On September 27, the court entered an agreed order remanding the cause to the Board for additional hearings and the issuance of a decision containing required findings of fact. The order also provided that the prior Board decision would be superseded by the decision on remand, that the records of both hearings would constitute the record on review, and that plaintiff's complaint was to be stayed pending the issuance of the decision on remand.

The Board met on October 5, 1988, to discuss the case. This meeting was not open to the public, and plaintiff received no notice of it. An additional public hearing was held by the Board on October 27, af-

ter which the Board denied the application in a decision dated December 29.

On December 22, plaintiff filed a motion in the circuit court seeking further hearings before the Board. The court then remanded the cause to the Board and ordered an additional hearing at which Charles Lencioni, building commissioner of the City of Geneva and secretary of the Board, was ordered to testify and produce documents pursuant to an ordered subpoena. Such meeting was held on March 1, 1989. The Board then denied the application in a decision dated March 8 and mailed on March 30. Plaintiff filed her first amended complaint in the trial court on April 17. Defendants Board, City, and the individual members of the Board filed a motion to strike and dismiss plaintiff's first amended complaint. On November 2, plaintiff was granted leave to amend her first amended complaint by adding count V. The court then dismissed counts IV and VI and dismissed as parties the City and the individual members of the Board. Plaintiff appeals these dismissals.

Defendants then filed a motion to dismiss count V of the first amended complaint. This motion was granted on February 8, 1990. Plaintiff also appeals from this dismissal. We have consolidated these dismissals on appeal.

■ Plaintiff first contends that count VI of her first amended complaint should not have been dismissed as a matter of law. This count alleged that the Board's October 5, 1988, meeting was held in violation of the Open Meetings Act (Act) (Ill. Rev. Stat. 1989, ch. 102, par. 41 *et seq.*). The trial court found that this count was not timely filed and therefore dismissed it. We disagree.

Section 3(a) of the Open Meetings Act provides:

"Where the provisions of this Act are not complied with, or where there is probable cause to believe that the provisions of this Act will not be complied with, any person, including the State's Attorney of the county in which such noncompliance may occur, may bring a civil action in the circuit court for the judicial circuit in which the alleged noncompliance has occurred or is about to occur, or in which the affected public body has its principal office, prior to or within 45 days after the meeting alleged to be in violation of this Act or within 45 days of the discovery of a violation by the State's Attorney." (Ill. Rev. Stat. 1989, ch. 102, par. 43(a).)

The statute allows a person to file a complaint within three time periods: (1) before the violative meeting is held; (2) within 45 days of the violation; or (3) within 45 days of discovery of the violation by the

State's Attorney. In the case before us, plaintiff filed her complaint 194 days after the Board's allegedly violative meeting, clearly beyond the limits of the first two periods. However, the record contains no evidence that the State's Attorney ever discovered the occurrence of the meeting. Therefore, the 45-day period after such discovery had not run, and plaintiff's complaint was filed within the statutory time limit. The trial court measured the 45-day limit from the time the court found plaintiff to have notice of the meeting. However, the statute does not measure the opportunity to file from the complainant's discovery. Even if the court were correct in measuring the 45 days from plaintiff's discovery, the court still erred in determining that plaintiff filed outside the limited period. The court found that plaintiff discovered the meeting on March 1, 1989, and therefore should have filed her complaint on or before April 15. Plaintiff filed on April 17. However, April 15 fell on a Saturday; plaintiff would have been allowed to file on the next day that the court was open, namely April 17. We conclude that plaintiff timely filed count VI of the first amended complaint. Therefore, the trial court erred in dismissing that count, and we remand this cause to the trial court with instructions to reinstate that count.

Plaintiff next contends that the court erred in dismissing the City of Geneva as a defendant in this suit. The trial court found that the City was not a proper party to this action because it "was not part of the decision rendered by the Zoning Board of Appeals" and because plaintiff was challenging the Board's application of the City's zoning code, not the code itself.

The City did not participate in the hearing before the Board. Plaintiff points out that Charles Lencioni, the City building commissioner, testified before the Board and that City attorney Charles Radovich presented evidence and otherwise participated in the public hearing before the Board. However, Lencioni was subpoenaed by plaintiff to testify regarding Lencioni's actions as secretary of the zoning board of appeals, not as building commissioner, and Radovich was acting in his capacity as counsel for the Board. Neither man represented the City or acted on its behalf in these hearings. We do not conclude that the presence of these men at the hearings constituted participation by the City.

Plaintiff maintains that the City is a proper party because counts III and IV of the first amended complaint seek to have the Geneva zoning ordinance declared void and unconstitutional as applied to her property. According to plaintiff, the City has an interest in the outcome of these counts and would be affected by a decision entered in

its absence; if the City is not a party, it would be bound by the decision with no avenue for appeal.

■ Parties to an action are divided into indispensable or necessary parties and proper or dispensable parties. (*Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 268.) " 'Proper' parties may but need not be joined." (*Lain*, 79 Ill. App. 3d at 268 n.4.) A necessary party is one who "has an interest in the subject matter of the suit which may be materially affected by a judgment entered in the person's absence." (*People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 281.) Such a party must be joined unless joinder would destroy the jurisdiction of the court or the party is not amenable to the court's jurisdiction. *Lain*, 79 Ill. App. 3d at 268 n.4.

■ Plaintiff, while calling the City a "proper" party, applies the definition of "necessary" party to the City. Plaintiff argues that the City will be bound by the trial court's decision with no avenue for appeal unless it is a party. While this may be true, it is true for other individuals or groups who may have opposed the application for variance yet never involved themselves in the process. The City, for whatever reason, neither opposed nor advocated the granting of the variance. By failing to involve itself in the hearing, the City voluntarily gave up its right to challenge the Board's decision. The City cannot be forced to regain that right by plaintiff. The City was not a party of record in the prior proceedings and is not a necessary party on review.

In addition, plaintiff agrees that she is only challenging the constitutionality of the zoning code as applied to her property, not the constitutionality of the code on its face. The Board, not the City, is responsible for the application of the code to individual parcels of property. The City made no administrative decision to be reviewed. The trial court correctly dismissed the City as a defendant in this suit.

Plaintiff next contends that the individual members of the Board were proper parties to the suit and should not have been dismissed. Count VI of the first amended complaint sought relief against these individuals for the alleged violation of the Open Meetings Act. Count III also sought relief from the Board members, among others, for alleged violations of plaintiff's constitutional rights. Before the court dismissed count VI as untimely filed, it found that the individual Board members were proper parties to the open meetings count. Since we have concluded that count VI was timely filed and should be reinstated on remand, the individual Board members will remain parties under that count. Therefore, we will only address the alleged error of dismissing the individual members of the Board from count III.

Plaintiff fails to cite any case explicitly concluding that individual Board members are proper parties to a suit charging deprivation of constitutional rights by an administrative body. However, plaintiff argues that the reasoning employed in *People ex rel. Hopf v. Barger* (1975), 30 Ill. App. 3d 525, is applicable to this case. *Barger* involved a violation of the Open Meetings Act by several officials of the City of Wheaton. The members of the Wheaton city council involved in the illegal meeting were found to be necessary parties to the resulting suit. (*Barger*, 30 Ill. App. 3d at 539.) We find *Barger* to be clearly distinguishable from the case before us. Section 4 of the Open Meetings Act provides that "[a]*ny person* violating any of the provisions of this Act shall be guilty of a Class C misdemeanor." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 102, par. 44.) Thus, the individual council members in *Barger* were properly defendants because the statute under which the suit was brought provided that individuals were to be charged under the Act. In the case before us, no statute explicitly provides for the joinder of individuals in such a case. We will not extend the provisions of a statute to situations and actions beyond the purview of that enactment. *Barger* provides no basis for finding the members of the Board to be proper defendants.

■ Plaintiff also cites *Weaver v. Zoning Board of Appeals* (1970), 130 Ill. App. 2d 1052, because the individual members of that Board were also made parties defendant in that case. However, the propriety of naming the members as defendants was not at issue in that case. The fact that the members were named does not, by itself, prove that the action was proper or that the members could not have gotten themselves dismissed from the cause had they so attempted. Plaintiff has provided no cognizable argument why the dismissal of the individual Board members was error. Accordingly, we affirm the dismissal of these parties.

Plaintiff next contends that the court erred in dismissing count IV of her first amended complaint. This count alleged that the Board's application of the Geneva Zoning Code violated the due process and equal protection clauses of the Illinois Constitution (Ill. Const. 1970, art. I, §2). The court dismissed this count for failure to state a cause of action.

■ A motion to dismiss admits all well-pleaded facts, and all reasonable inferences which may be drawn from those facts are taken as true for purposes of the motion. (*Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 1097.) A complaint should not be dismissed for failure to state a cause of action unless the pleadings disclose that no set of facts could be proved which would entitle plaintiff to relief. (*Inter-*

*way*, 85 Ill. App. 3d at 1097.) On appeal from such a dismissal, the reviewing court should view the facts alleged in the complaint in the light most favorable to the plaintiff. *Interway*, 85 Ill. App. 3d at 1097.

Plaintiff first argues that her complaint stated a cause of action for violation of her right to due process. Section 31.2604 of the Geneva Code grants to the Board the power to

> "[a]uthorize, upon its own motion or upon formal petition signed by one or more property owners, whenever the property owner can show that a strict application of the terms of this ordinance [appendix] relating to the use, construction or alteration of buildings or structures or the zoned use of land will impose upon him unusual and particular difficulties or particular hardship, such variations of the strict application of the terms of this ordinance [appendix] as are in harmony with its general purposes and intent, but only when the board is satisfied that a granting of such variation will not merely serve as a convenience to the applicant, but will alleviate some demonstrable hardship or difficulty so great as to warrant a variation from the requirements established by this ordinance [appendix] and that at the same time the surrounding property will be properly protected. The same procedure shall be followed concerning public hearing, notices and maps as in the case of amendments to this ordinance [appendix].
>
> In consideration of all appeals and all proposed variations to the ordinance [appendix] the board shall, before making any variation from the ordinance [appendix] in specific case, first determine that the proposed variation will not impair an adequate supply of light and air to adjacent property, or unreasonably increase the congestion in public streets, or increase the damage of fire or endanger the public safety, or unreasonably diminish or impair established property values within the surrounding area \*\*\*." (Geneva, Ill., Municipal Code ch. ___, par. 31.2604 (19___).)

Plaintiff maintains that she presented adequate evidence to the Board to show that denial of the variance would cause her undue hardship and that the granting of the variance would not adversely affect the surrounding neighborhood. The complaint alleges that plaintiff presented to the Board expert testimony that the R-2 zone requirements, if not modified by the requested variance, create hardships in the construction of a single-family residence on plaintiff's property, including problems with room size and other quality of life problems. The com-

plaint also alleged expert testimony that the granting of the variance would not impair the supply of light to adjacent property and would not negatively affect traffic congestion, the danger of fire, or the public health, safety and general welfare.

Application of a zoning ordinance to a parcel of land is violative of an individual's right to due process if that application is arbitrary, unreasonable, or capricious and it bears no substantial relationship to public welfare. (*Brown v. Board of Zoning Appeals* (1959), 21 Ill. App. 2d 273, 277.) Plaintiff has contended that the Board acted arbitrarily and without concern for public welfare in denying her application for a variance because the expert testimony presented to the Board indicated that the variance should have been allowed under section 31.2604 of the Geneva Code. Viewing these allegations in the light most favorable to plaintiff, we conclude that the complaint did state a cause of action alleging due process violation. We may certainly infer, from the facts alleged, that the Board acted arbitrarily or capriciously in denying the variance in the face of such testimony. If these facts were proved, plaintiff may be entitled to relief. Therefore, the court erred in dismissing count IV of plaintiff's first amended complaint for failure to state a cause of action under due process.

Plaintiff also contends that she stated a cause of action sounding in equal protection. The threshold question in an equal protection case is whether similarly situated people are being treated dissimilarly. (*People v. Burton* (1981), 100 Ill. App. 3d 1021, 1023.) The State may treat different classes of persons differently, and, in the absence of a fundamental right or suspect classification, the State may even differentiate between similarly situated persons if there is a rational basis for doing so. (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 477.) This analysis is used in this State in assessing both Federal and State equal protection challenges. *Jenkins*, 102 Ill. 2d at 477.

Plaintiff alleges that her property was originally platted in 1837 as 150 feet deep and 60 feet wide with frontage on Fulton Street. However, under the terms of the current Geneva Zoning Code, the property is now configured as 60 feet deep and 150 feet wide with frontage on 7th Street. Plaintiff contends that her property is the only property from the original 1837 plat that is configured in this manner and that the configuration denies her full use of her property. Plaintiff also alleges that her property is subject to section 31.304 of the Geneva Code, which provides in part:

> "The lot area and width regulations established in the residence districts shall not prohibit the erection or alteration of a dwelling and accessory buildings designed for single-family use

on any residential lot shown as such on a recorded plat in the recorder's office of Kane County, dated prior to January 7, 1957; provided that in no instance shall a building be erected on a lot less than fifty (50) feet wide in any residence district." (Geneva, Ill., Municipal Code, ch. ___, par. 31.304 (19___).) Plaintiff alleges that the Board's action denied her full use of her property as mandated by the Code even though "all other lots platted in 1837 could avail themselves of this provision." Nowhere, however, does plaintiff allege a specific instance when another property owner was treated differently. Alleging that other property owners "could avail themselves" of the Code provision does not allege dissimilar treatment. Such a statement merely alleges that others could seek the benefit of the provision, as did plaintiff. However, the allegation that the configuration of plaintiff's property was changed does raise an equal protection cause of action. Taking plaintiff's allegations as true, plaintiff's property was the only parcel from the 1837 plat, among several parcels having the same dimensions, to have its dimensions reversed. It is this reversal which forced plaintiff to seek the variance denied by the Board. Under these alleged facts, plaintiff has been treated differently than other owners of properties platted in 1837. Therefore, plaintiff has stated a cause of action, and count IV of her first amended complaint should not have been dismissed.

In the consolidated case, plaintiff contends that the court improperly dismissed count V of her first amended complaint. This count alleged that the Board violated both the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—1—1 *et seq.*) and the Geneva Code when it held its meeting on October 5, 1988. Plaintiff also alleged that the Board's meeting denied her rights to due process and equal protection in violation of the Illinois Constitution. (See Ill. Const. 1970, art. I, §2.) The trial court found that this count fell within the provisions of the Open Meetings Act (Ill. Rev. Stat. 1989, ch. 102, par. 41 *et seq.*) and dismissed the count for the same reasons it dismissed count VI.

■■ We conclude that the court erred in dismissing count V of plaintiff's first amended complaint. Count VI sought relief under the Open Meetings Act. Count V sought a reversal of the Board's decision and the granting of the variance based on violations of the Illinois Constitution, the Municipal Code and the Geneva Code. Nowhere in this count did plaintiff allege violation of the Open Meetings Act. Clearly, the reasoning. employed by the court to dismiss count VI, which in any event we found to be in error, is irrelevant to count V. We must therefore reverse the court's order dismissing count V of plaintiff's first amended complaint.

For the above reasons, we affirm the dismissal of the individual Board members under count III and affirm the dismissal of the City as a party to this suit. We reverse the circuit court's dismissal of counts IV, V, and VI, and remand this cause to the circuit court for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

UNVERZAGT, P.J., and INGLIS, J., concur.